**Rajender SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75264.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Surjit Singh, Esq., Law Office of Surgit Singh, APC, Anaheim, CA, Richard M. Evans, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Office of Immigration Lit., Francis Biros, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Rajender Singh, a native and citizen of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

India, petitions for review of a summary order of the Board of Immigration Appeals upholding an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005), we deny the petition for review.

Substantial evidence supports the IJ's finding that Singh does not have a well-founded fear of future persecution because Singh testified that he lived elsewhere in India without incident. *Cf. Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir. 2003) (stating that asylum may be denied to an applicant who has otherwise demonstrated a well-founded fear of future persecution if the evidence shows that internal relocation is a reasonable option); *see also* 8 C.F.R. § 208.13(b)(2)(ii).

Because Singh failed to establish that he was eligible for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1031 (9th Cir.2000).

Substantial evidence supports the IJ's denial of Singh's CAT claim because Singh was able to relocate within India. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

To the extent that Singh challenges the sufficiency of the BIA's streamlining procedures, we reject this contention. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**